UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOMOY GUILLEBEAUX,

                Plaintiff,

   against

H.E.L.P. HOMELESS SERVICES CORPORATION, et al.,

                Defendants.

CIVIL ACTION NO.: 19 Civ. 1744 (LAP) (SLC)

**ORDER REGARDING
PLAINTIFF'S DEPOSITION**

**SARAH L. CAVE,** United States Magistrate Judge:

Before the Court is Plaintiff's motion to reconsider the Court's prior ruling denying Plaintiff's request to exclude Mr. Jody Lirette, a representative of Defendant H.E.L.P. Homeless Services Corporation ("HELP"), from Plaintiff's deposition (the "Motion").  (ECF No. 61).

## I.    BACKGROUND

In this action, Plaintiff alleges sexual harassment by a former colleague and that she was subjected to a sexually abusive and hostile work environment at HELP, where she remains an employee.  (ECF No. 61 at 1).

On August 7, 2020, the parties began Plaintiff's remote video deposition.  (ECF No. 61 at 1).  Mr. Lirette, HELP's Vice President of Human Resources, attended the deposition as HELP's corporate representative.  (Id. at 1; ECF No. 62 at 1).  Plaintiff alleges that she interacts with Mr. Lirette in the course of her employment, although the parties dispute the extent of this interaction.  (ECF No. 61 at 1; ECF No. 62 at 2).  Plaintiff's counsel states that at the beginning of the deposition he made a general objection to Mr. Lirette's presence, but ultimately did not seek

Court intervention at that time and allowed the deposition to move forward with Mr. Lirette present by video.  (ECF No. 61 at 1).

Approximately six hours into the deposition, when Plaintiff began testifying about her emotional pain and suffering and the related effects on her mental health, Plaintiff became increasingly uncomfortable with Mr. Lirette's presence, and began to experience symptoms of a panic attack.  (ECF No. 61 at 2).  Plaintiff's counsel also became concerned that Mr. Lirette was taking notes while Plaintiff was testifying about her physiological state, and asked Mr. Lirette step out of the deposition for that portion of the testimony.  (Id.)

Defendant's counsel declined to have Mr. Lirette step out, and the parties called the Court for a ruling on the issue.  (ECF No. 61 at 2).  The Court considered the parties' arguments and the Court's clerk called the parties back to inform them of the Court's ruling that Defendant was entitled to a representative at Plaintiff's deposition and that the deposition should continue.

Plaintiff now requests that the Court reconsider its ruling on the day of the deposition and issue an order, pursuant to Federal Rule of Evidence Rule 615, to exclude Mr. Lirette from Plaintiff's continued deposition.  Plaintiff also argues that this order is appropriate under Federal Rule of Civil Procedure 26 (c)(5).

## II.      DISCUSSION

**A.      Legal Standards**

**1.      Motion for reconsideration**

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration.  Local Civ. R. 6.3.  Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'"  Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."  Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not

3

a way to "advance new facts, issues or arguments not previously presented to the Court." <u>Polsby v. St. Martin's Press, Inc.</u>, No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof."  <u>Freedom, N.Y., Inc. v. United States</u>, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'"  <u>Premium Sports Inc. v. Connell</u>, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting <u>Aczel v. Labonia</u>, 584 F.3d 52, 61 (2d Cir. 2009)).

**B.    Application**

Plaintiff argues that Mr. Lirette should be excluded from her continued deposition so that she is not prejudiced by the effects caused by his presence, invoking Federal Rule of Evidence 615 and Federal Rule of Civil Procedure 26(c)(5).  (ECF No. 61 at 1–2).

Defendants oppose the exclusion of Mr. Lirette.  (ECF No. 62 at 1).  Defendants state that Mr. Lirette, who works at a different work site than Plaintiff, does not supervisor Plaintiff.  (<u>Id.</u> at 2).  Defendants submit that HELP is entitled to a corporate representative, that, as Vice President of Human Resources, Mr. Lirette is the most appropriate corporate representative, and that HELP should not be required to prepare a different witness.  (<u>Id.</u>)  Finally, Defendants oppose the Motion on the grounds that Federal Rule of Evidence 615 and Federal Rule of Civil Procedure 26(c)(5) do not provide the Plaintiff requests relief.  (<u>Id.</u>)

**1.    Federal Rule of Evidence 615**

In its entirety, Rule 615 provides:

At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

(a)     a party who is a natural person;
(b)     an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
(c)     a person whose presence a party shows to be essential to presenting the party's claim or defense; or
(d)     a person authorized by statute to be present.

Fed. R. Evid. 615.

Plaintiff bases her Motion on Rule 615, but as Defendants note, Courts in this District have held that the post-1991 revisions to the Federal Rules of Civil Procedure made clear that Rule 615 is not applicable to pretrial deposition proceedings.  (ECF No. 62 at 3).  See Campinas Found. v. Simoni, No. 02 CIV. 3965 (BSJ) (KNF), 2004 WL 2709850, at *3 (S.D.N.Y. Nov. 23, 2004) ("After . . . 1991, Fed. R. Civ. P. 30, which governs the conduct of depositions upon oral examination, was amended to make clear that Rule 615 of the Federal Rules of Evidence is not applicable to pretrial deposition proceedings.  The amended rule [26(c)] provides that '[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence, except Rules 103 and 615.'").  Accordingly, Federal Rule of Evidence 615 does not provide a basis for excluding Mr. Lirette.  See Fed. R. Civ. P. 26(c).

Plaintiff also invokes Federal Rule of Civil Procedure 26(c)(5).  (ECF No. 61 at 2).  However, there is no current Rule 26(c)(5), and Plaintiff seems to be referring to a prior version of the Federal Rules of Civil Procedure that is no longer valid.

The current version of Federal Rule of Civil Procedure 26 grants the Court the authority to issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26.  Defendants argue that, while discussing the effects of the work environment and sexual harassment may be uncomfortable, these matters are directly at issue in the case and a HELP corporate

representative is entitled to be present for such testimony.  (ECF No. 62 at 3).  The Court agrees.

Plaintiff is seeking damages for emotional distress (ECF No. 5 at 22–37) and therefore the topic

is relevant to her claims and HELP's defenses.  Plaintiff has not alleged that Mr. Lirette said or did

anything inappropriate or unprofessional during the prior six hours of her deposition testimony,

and therefore has not shown a basis to issue a protective order under Federal Rule of Civil

Procedure 26.

Finally, Plaintiff has raised nothing in her request for reconsideration that was not

presented to and considered by the Court in its ruling during the deposition, and therefore, has

not met the standard for reconsideration.

### III.    <u>CONCLUSION</u>

For the reasons stated above, the Motion is DENIED.

The Clerk of Court is respectfully directed to close the motion at ECF No. 61.


Dated:        New York, New York
              August 14, 2020

                                    SO ORDERED

                                    _____
                                    SARAH L. CAVE
                                    **United States Magistrate Judge**